UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON RAY ARNOLD,

Plaintiff,

v.

THURSTON COUNTY, et al.,

Defendants.

CASE NO. 3:25-CV-6067-JNW-DWC

ORDER ON MISCELLANEOUS
MOTIONS

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Jason Ray Arnold, proceeding *pro se* and *in forma pauperis*, initiated this case on November 26, 2025. *See* Dkts. 1, 4. Currently pending before the Court are Plaintiff's motion for appointment of counsel (Dkt. 13), motion to complete service (Dkt. 14), and motion to temporarily delay proceedings (Dkt. 17). After reviewing the relevant record, Plaintiff's motions are DENIED for the reasons explained below.

**I.      Motion to Appoint Counsel (Dkt. 13)**

Plaintiff filed a motion to appoint counsel on April 2, 2026. Dkt. 13. There is no constitutional right to appointed counsel in a § 1983 action. *See Storseth v. Spellman*, 654 F.2d

ORDER ON MISCELLANEOUS MOTIONS - 1

1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). A district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but only in "exceptional circumstances." *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court evaluates "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Therefore, to show exceptional circumstances warranting appointment of counsel, a plaintiff must plead facts showing he has (1) an insufficient grasp of his case or the legal issues involved and (2) an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his motion, Plaintiff requests court-appointed counsel because he has limited resources and literacy. Dkt. 13. He states another inmate has been helping him with his filings. *Id.* At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. In addition, Plaintiff has not shown an inability to articulate the factual basis of his claims in an understandable manner. Rather, Plaintiff's filings thus far demonstrate he is able to articulate his requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact alone does not establish exceptional circumstances warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331. Because Plaintiff has not shown appointment of counsel is appropriate at this time, his motion for appointment of counsel (Dkt. 13) is denied without prejudice.

**II.      Motion to Complete Service (Dkt. 14)**

Plaintiff has also filed a motion to complete service on Defendants Omnicare, CVS, Trident Care, and Interpath Labratory. Dkt. 14.

On March 4, 2026, the Court directed service of Plaintiff's complaint on Defendants Thurston County, Miguel Balderrama, Nicole Kinney, Mary, Stewarth, Schryver, Omnicare, CVS, Trident Care, and Interpath Labratory by first class mail at the address specified in the complaint. Dkt. 8. Plaintiff's complaint listed one address for most of the named Defendants but indicated the addresses for Defendants Omnicare, CVS, Trident Care, and Interpath Labratory were "unknown." Dkt. 7. On March 23, 2026, Defendants Thurston County, Nicole Kinney, and Holli Stewart ("the County Defendants") appeared through counsel and filed waivers of service. Dkts. 10, 11. As of the date of this order, the docket shows the remaining Defendants have not appeared or filed waivers of service.

On April 8, 2026, Plaintiff filed a motion stating he had not received waivers of service from Defendants Omnicare, CVS, Trident Care, and Interpath Labratory, and requesting the Court complete service on these Defendants. Dkt. 14. The Court directed the County Defendants to respond to Plaintiff's motion. Dkt. 15. The County Defendants indicated the address Plaintiff listed in the complaint was appropriate to effect service on Thurston County but is not the correct address for Defendants Omnicare, CVS, Trident Care, and Interpath Labratory. Dkt. 16.

Even when proceeding *in forma pauperis*, Plaintiff bears the burden of providing accurate and sufficient information to effect service. *See Walker v. Sumner*, 14 F.3d 1415 (9th Cir. 1994); *see also* Fed. R. Civ. P. 4. At this time, Plaintiff has not provided information that is sufficient for the Court to accomplish service on Defendants Omnicare, CVS, Trident Care, and Interpath Labratory. Accordingly, Plaintiff's motion to complete service on these Defendants

ORDER ON MISCELLANEOUS MOTIONS - 3

(Dkt. 14) is denied. If Plaintiff is unable to provide the Court with addresses at which these Defendants may be served, the Court may recommend dismissal of Defendants Omnicare, CVS, Trident Care, and Interpath Labratory from this case. *See Walker*, 14 F.3d at 1421–22 (when Plaintiff fails to provide the Court with accurate and sufficient information to effect service of the summons and complaint, it is appropriate for the Court to *sua sponte* dismiss the unserved Defendant).

### III.    Motion to Temporarily Delay Proceedings (Dkt. 17)

Finally, Plaintiff filed a motion to temporarily delay proceedings on April 22, 2026. Dkt. 17. He requests the Court delay all proceedings in this matter for 90 days or longer because he is being transferred to another facility, which he says will limit his access to legal materials and impair his ability to respond to any motions filed during that time. *Id.* The County Defendants do not object to the motion. Dkt. 18.

At this time, there are no pending motions on the docket to which Plaintiff must respond. Plaintiff has not shown a stay of proceedings is appropriate or necessary. If Plaintiff needs extra time to respond to a specific filing in the future, he may seek an extension or a stay at that time.

### IV.    Advisory to Plaintiff

In their response to Plaintiff's motion for delay, the County Defendants object to Plaintiff's use of race-based stereotypes in his argument. Dkt. 18. The Local Rules make clear that proceedings in this Court "must be free from prejudice and bias in any form" and "[t]he duty to be respectful of others includes the responsibility to avoid comment or behavior that can reasonably be interpreted as manifesting prejudice or bias toward another on the basis of categories such as gender, race, ethnicity, religion, disability, age, or sexual orientation." Local Rules W.D. Wash. LCR 1(d).

ORDER ON MISCELLANEOUS MOTIONS - 4

Plaintiff is advised that derogatory language will not be tolerated by the Court, and any future filings that do not maintain the civility and professionalism required by the Local Rules will be stricken without further consideration.

**V.    Conclusion**

For the reasons above, the Court ORDERS:

(1) Plaintiff's motion to appoint counsel (Dkt. 13) is DENIED without prejudice;

(2) Plaintiff's motion to complete service (Dkt. 14) is DENIED;

(3) Plaintiff's motion to temporarily delay proceedings (Dkt. 17) is DENIED.

Dated this 27th day of May, 2026.

David W. Christel
United States Magistrate Judge

ORDER ON MISCELLANEOUS MOTIONS - 5