UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON RAY ARNOLD,

Plaintiff,

v.

THURSTON COUNTY, et al.,

Defendants.

CASE NO. 3:25-CV-6067-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: **July 28, 2026**

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. Plaintiff Jason Ray Arnold, proceeding *pro se* and *in forma pauperis*, initiated this case on November 26, 2025. *See* Dkts. 1, 4. Currently pending before the Court is Plaintiff's Motion for Reconsideration or to Withdraw Case. Dkt. 25. For the reasons below, the undersigned recommends Plaintiff's Motion to Withdraw Case (Dkt. 25) be granted and this case be dismissed without prejudice under Rule 41(a)(2).

## I. BACKGROUND

On November 26, 2025, Plaintiff initiated this prisoner civil rights action. *See* Dkts. 1, 4. The Court directed service of Plaintiff's Complaint on March 4, 2026. Dkt. 8. Plaintiff filed a

Motion to Appoint Counsel on April 2, 2026.[1] Dkt. 13. The Court denied Plaintiff's Motion on May 27, 2026, finding he had not shown appointment of counsel was appropriate. Dkt. 24. On June 8, 2026, Plaintiff filed two documents asking the Court to either reconsider his request for an attorney or allow him to withdraw this suit so that he can re-file it at a later date. Dkts. 25, 26. Defendants did not file a response. *See* docket.

## II. DISCUSSION

### A. Motion for Reconsideration

Plaintiff first asks the Court to reconsider its decision to deny his request for appointed counsel. Dkts. 25, 26.

Under this Court's Local Rules, motions for reconsideration are disfavored. Local Rules W.D. Wash LCR 7(h). The Court will ordinarily deny motions for reconsideration unless a party shows: (1) that there was manifest error in the prior ruling or (2) that new facts or legal authority exist that could not have been presented earlier with reasonable diligence. *Id.* As the Court noted in its previous order, a plaintiff in a § 1983 action is not entitled to appointed counsel, and the Court may appoint voluntary counsel for indigent civil litigants only in exceptional circumstances. *See* Dkt. 24 at 1–2; *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd on other grounds*, 154 F.3d 952 (9th Cir. 1998).

In the ruling denying Plaintiff's Motion to Appoint Counsel, the Court found Plaintiff had not shown appointment of counsel was appropriate because he had not shown this case involved complex facts or law, nor had he shown that he was unable to articulate the factual basis of his claims in an understandable way. Dkt. 24 at 2. In the current Motion, Plaintiff asks the Court to

[1] Plaintiff previously filed a Motion to Appoint Counsel on March 18, 2026, which was denied as moot. Dkts. 9, 15.

reconsider appointing him an attorney because the other inmates who had been helping him with his case are no longer able to do so. *See* Dkts 25, 26.

Plaintiff has not met the threshold for reconsideration, nor has he demonstrated the exceptional circumstances necessary for appointment of counsel. For these reasons, the Court declines to reconsider the denial of Plaintiff's request for counsel.

**B. Motion to Withdraw Case**

In the alternative, Plaintiff requests that the Court allow him to withdraw his case so that he can pursue his claim once he is released. Dkts. 25, 26. If a defendant has filed an answer, a plaintiff must seek a court order to voluntarily dismiss an action unless all parties who have appeared sign a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A). The decision to issue an order granting voluntary dismissal lies within the district court's discretion. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). In exercising that discretion, district courts must consider whether dismissal would result in plain legal prejudice to the defendant. *Id.* at 96–98; *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).

Here, the requirements for voluntary dismissal without a court order under Rule 41(a)(1) are not satisfied. Plaintiff moved to withdraw this action after Defendants had already been served, and the motion does not include a stipulation of dismissal signed by Defendants. However, voluntary dismissal is permitted via court order under Rule 41(a)(2). Plaintiff states he no longer wishes to pursue this action, and no Defendant has objected to the requested dismissal. Further, the Court finds that dismissal at this stage would not result in plain legal prejudice to any Defendant.

Accordingly, the Court finds that voluntary dismissal is appropriate and recommends this action be dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the reasons addressed above, the undersigned recommends Plaintiff's Motion to Withdraw Case (Dkt. 25) be granted and this action be dismissed without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 28, 2026**.

Dated this 7th day of July, 2026.

David W. Christel
United States Magistrate Judge